Mrs. Valtaree Boyd 3816 N. Olive Street North Little Rock, AR 72116
Dear Mrs. Valtaree:
This is in response to your request, pursuant to A.C.A. § 7-9-107
(Repl. 1993), for certification of the following proposed popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) REPEAL THE SIXTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES
 (Ballot Title) THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS IS HEREIN ORDERED TO CALL FOR THE REPEAL OF THE SIXTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND THE ABOLITION OF THE INDIVIDUAL INCOME TAX ON THE CITIZENS OF THE SEVERAL STATES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AN AMENDMENT TO CALL FOR THE REPEAL OF THE SIXTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ORDER THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS TO CALL FOR THE REPEAL OF THE SIXTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE ABOLITION OF THE INDIVIDUAL INCOME TAX ON THE CITIZENS OF THE SEVERAL STATES OF AMERICA; AND PROHIBITING CONGRESS FROM IMPOSING ANY NEW FORM OF TAX IN ORDER TO REPLACE FUNDS DIMINISHED THEREBY.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh